## Frank Gernert v. Solomon Knerr, Appellant.

*Sale—Bailment—Possession—Fraud—Question for jury.*

Where the question of ownership of certain chattels was not only prom-
inent but of vital importance on the trial of an issue involving an alleged
bailment, and where the evidence on that question was by no means one
sided or free from doubt, the question should have been submitted to the
jury under proper instructions, and the paper creating the alleged bailment
correctly construed could have been submitted in the determination of the
issue.

Argued Nov. 13, 1896. Appeal, No. 133, Nov. T., 1896, by
defendant, from judgment of C. P. Berks Co., Jan. T., 1896,
No. 111, on verdict for plaintiff. Before RICE, P. J., WIL-
LARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.
Reversed.

Feigned issue to determine the ownership of personal prop-
erty. Before ERMENTROUT, P. J.

Sometime in the year 1891, one Frank J. Heller was indebted
to Solomon Knerr, the appellant in this case, in an amount
which the record does not disclose. It appears that Knerr had
become surety for Heller at a time when he was in the hands
of the sheriff, had paid the debt for Heller and afterwards had

obtained judgment against him for the amount. In 1892 Heller was the tenant of Gernert, the appellee, upon his farm in the county of Lehigh. On or about the 14th of March, 1892, he purchased horses, cows, wagons, a threshing machine and other property which were delivered to Heller upon the farm. A part of this property was purchased from Gernert by Heller at a public vendue of Gernert's property about that time. Heller remained in possession of this property from the time of purchase till about February 4, 1894, when Gernert leased this property to Heller, Heller agreeing to pay therefor the sum of $300 on or before April 1, 1894, the sum of $50.00 on or before January 1, 1895, with the privilege on Heller's part of purchasing the same on payment of the further sum of $92.00 on or before April 1, 1895. The lease was for the term of one year with the right, on Heller's part, to remove the same from Lehigh county to Berks county, and it was there levied upon by Knerr by virtue of an execution issued upon his judgment. The property was in the possession of Heller from the date of his purchase in 1892 to the time of the issuing of the execution. The property in question was claimed by Gernert and upon a feigned issue, wherein Frank Gernert was plaintiff and Solomon Knerr defendant, to determine the ownership of the property, the court directed the jury to find a verdict for the plaintiff.

Defendant appealed.

*Errors assigned* were, (1) in refusing defendant's fourth point. Point: " Under all the evidence the verdict must be for the defendant; " (2) binding instructions for plaintiff; (3) in not directing the jury to find a verdict for defendant; (4) in not submitting to the jury the question as to whether Heller had made a verbal sale of the property in question to the plaintiff, accompanied by a delivery of possession.

*Cyrus G. Derr*, with him *D. Nicholas Schaeffer*, for appellant.—A sale of chattels, such as the one in question is shown to have been, unaccompanied by an actual, physical change of possession, is fraudulent in law and void without regard to the intent of the parties, and the learned judge, instead of instructing the jury to find for the appellee, should, the facts appearing from the appellee's own testimony, have instructed them to find

for the appellant: Born v. Shaw, 29 Pa. 292; Garman v. Cooper, 72 Pa. 37; Krepps v. Miller, 172 Pa. 393. The burden of proving delivery lies on the purchaser: Barr v. Reitz, 53 Pa. 256.

*C. H. Ruhl,* of *Ermentrout & Ruhl,* for appellee.—Both parties to the agreement of February 24, 1894, agreed that the stock was then the property of the plaintiff; for a similar agreement under similar facts and circumstances see Edwards' Appeal, 105 Pa. 110. There being in this case no disputed facts, it was entirely a matter for the court: Garretson v. Hackenburg, 144 Pa. 113. On question of delivery, see Printing Press Co. v. Jordan, 171 Pa. 474; Renninger v. Spatz, 128 Pa. 526; Crawford v. Davis, 99 Pa. 576.

OPINION BY WILLARD, J., December 7, 1896:

The paper executed by Frank J. Heller on February 24, 1894, and delivered to Frank Gernert, the appellee, was construed by the court to be a bailment of the property mentioned therein, and with this construction all other matters in the controversy were dismissed and the jury directed to render a verdict for the appellee.

If Frank Gernet was the undisputed owner of the property as recited in the paper executed by Heller, this judgment might be sustained, but the question of ownership was not only prominent but of vital importance to the appellant on the trial of the issue. The evidence on that question was by no means one-sided or free from doubt. It should have been submitted to the jury under proper instructions, and if they found the ownership in Frank Gernet, the paper creating the alleged bailment correctly construed could have been submitted in the determination of the issue. If, on the other hand, the jury had found the possession and ownership in Frank J. Heller, the paper creating the alleged bailment would have been irrelevant.

Without specific reference to the evidence, it appears that the property was in the possession of Heller from 1892 to the date of the sale by the sheriff on the appellant's execution. True, it was on the farm of the appellee, and it is also true that by another alleged agreement (not before us) the appellee claimed the ownership, but all of this testimony was for the

jury, to enable them to determine the facts and find the owner-ship in the party entitled to it under all the evidence.

Observing the rules adopted by a majority of this court in Weller v. Meeder, 2 Pa. Superior Ct. 488, and cases there cited, we are clearly of the opinion that the question of title to the property in dispute should have been submitted to the jury. The second and fourth assignments are sustained, the first and third overruled, the judgment reversed and a venire facias de novo awarded.